

## Fourth Court of Appeals
### San Antonio, Texas

**CONCURRING OPINION**

No. 04-18-00465-CV

Jaydeep **SHAH**, M.D.,
Appellant

v.

**STAR ANESTHESIA, P.A.**,
Appellee

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2018-CI-04393
Honorable Michael E. Mery, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice
Concurring Opinion by: Liza A. Rodriguez, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Patricia O. Alvarez, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: May 22, 2019

I concur in the judgment; I write separately, however, to clarify the first issue brought by Jaydeep Shah, M.D. In his first issue, Shah does not bring solely an evidentiary argument. He also argues the arbitrator granted relief to Star Anesthesia, P.A. "in the absence of pleadings to support that relief." Specifically, Shah claims Star Anesthesia never pled conduct outside of the December 7, 2016 peer review meeting as a basis for a claim Shah committed moral turpitude. According to Shah, by relying on conduct never pled, the arbitrator did not provide Shah with "a fundamentally fair hearing."

However, based on the limited record in this appeal, I disagree with Shah that the arbitrator based her decision on an issue not properly before her. Shah argues that only the statements he made at a December 7, 2016 peer review meeting[1] were "pled and raised" before the arbitrator, and therefore the arbitrator erred by considering evidence of his other statements and conduct *before* the December 7, 2016 meeting. However, the arbitration arose out of Shah's lawsuit against Star Anesthesia for breach of the professional services agreement, along with other claims. As described in the arbitrator's written decision, Shah pled "that he did not engage in moral turpitude and that his termination was therefore improper." Thus, the issue before the arbitrator on Shah's breach of contract claim was "whether he engaged in an act of moral turpitude" that justified his termination.

The arbitrator's decision recites that Star Anesthesia terminated Shah for "moral turpitude" under section 16(c)(1) of the professional services agreement, which allows termination for cause. The arbitrator's decision recites that "cause" is denied in section 16(c)(1) to include "acts of moral turpitude, which the Association believes, would bring Association or its members into public disrepute." After a five-day hearing,[2] the arbitrator found that the evidence of Shah's comments and activities prior to the December 7th meeting was sufficient to prove Shah had engaged in "acts of moral turpitude that brought Star and its physicians into public disrepute." The arbitrator therefore concluded that Star had sufficient justification to terminate Shah for cause based on moral turpitude. Because whether Shah engaged in an act of moral turpitude was the issue before the

---

[1] The arbitrator excluded the minutes of the December 7, 2016 peer review meeting from the hearing and did not consider them in reaching her decision. Shah does not challenge the exclusion of the minutes on appeal.

[2] The record in this appeal does not include the transcript or evidence from the arbitration hearing. Therefore, I agree with the majority opinion that we are precluded from reviewing the sufficiency of the evidence to support the arbitrator's fact findings underlying her legal conclusions.

arbitrator on the breach of contract claim, I conclude the arbitrator did not engage in misconduct by rendering a judgment that is unsupported by the pleadings.

Liza A. Rodriguez, Justice